UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRACIE E.,

           Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

Case No. C20-5738 RAJ

**ORDER AFFIRMING DENIAL OF BENEFITS**

Plaintiff appeals denial of her application for Supplemental Security Income. Plaintiff contends the ALJ erred by discounting her testimony and the opinion of treating mental health counselor Shelby Barber, MSW. Dkt. 17. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 52 years old, has a high school education, and has worked as a truck driver. Dkt. 15, Admin. Transcript (Tr.) 23-24. Plaintiff alleges disability as of May 29, 2018. Tr. 15. After conducting a hearing in July 2019, the ALJ issued a decision finding Plaintiff not disabled. Tr. 30-82, 15-25. In pertinent part, the ALJ found Plaintiff's severe impairments, major depressive disorder and status post-motor vehicle accident,

ORDER AFFIRMING DENIAL OF BENEFITS
- 1

limited her to simple, routine, light-exertion work, interacting occasionally with the public, and without a fast-paced environment. Tr. 17, 19.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

### A. Plaintiff's Testimony

The ALJ could only discount Plaintiff's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo*, 871 F.3d at 678. Plaintiff testified to isolating herself, and three or four times a week being unable to do anything beyond "the bare survival minimum." Tr. 70, 48. The ALJ discounted Plaintiff's mental symptom testimony based on conservative treatment, conflict with medical evidence, and conflict with her activities. Tr. 20-22.

#### 1. Conservative Treatment

The ALJ permissibly discounted Plaintiff's testimony of disabling mental limitations on the grounds that she did not seek anything beyond conservative treatment. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (ALJ permissibly "inferred that Tommasetti's pain was not as all-disabling as he reported in light of the fact that he did not seek an aggressive treatment program"). Plaintiff attended counseling, but did not seek medication. Tr. 21. She testified she initially took medication but stopped due to side effects, and had not sought alternative medication.

ORDER AFFIRMING DENIAL OF BENEFITS
- 2

Tr. 51-52. An ALJ may discount the testimony of a claimant who, like Plaintiff, "did not seek an alternative or more-tailored treatment program after [stopping] an effective medication due to mild side effects." *Tommasetti*, 533 F.3d at 1039. Conservative treatment was a clear and convincing reason to discount Plaintiff's testimony.

### 2. Medical Evidence

The ALJ found Plaintiff's testimony of disabling depression inconsistent with medical evidence showing almost entirely normal mental health findings, with only occasional observations of depressed or anxious mood. Tr. 21. Plaintiff contends the ALJ erred by relying exclusively on evidence predating the May 2018 alleged onset date because, from that time onward, her condition deteriorated. Dkt. 17 at 2-3. Plaintiff is incorrect; the ALJ cited extensive medical evidence from throughout the relevant period to support his finding that treatment records conflicted with Plaintiff's symptom testimony. *See* Tr. 21 (citing, *e.g.*, Tr. 1085, 1088).

Plaintiff argues her treatment notes from May 2018 onward consistently show "impairment to functioning" and "suicidal ideation." Dkt. 17 at 3 (citing Tr. 965). However, Plaintiff's citation is to her presenting problem, which remained the same throughout the Greater Lakes Mental Healthcare treatment notes from 2016 to 2018. Tr. 895 ("Primary Treatment Problem" in 2016 treatment plan); *see* Tr. 917-89 ("Problem"). Observations from each session, however, showed entirely or almost entirely normal mental status examination findings. *See, e.g.*, Tr. 944, 959. And Plaintiff expressly denied suicidal ideation. *See, e.g.*, Tr. 922 (in August 2018 Plaintiff "reports no suicidal

ORDER AFFIRMING DENIAL OF BENEFITS
- 3

ideation during the past 6 months"), 951, 992.

Plaintiff cites a treatment note where she reported "increasing … symptoms of depression." Tr. 951. In the same note, however, Plaintiff's mental status findings were entirely normal and she "responded positively to the supportive interventions" provided. Tr. 952, 950. In other treatment notes Plaintiff cites, while she reported sometimes not doing much or "struggl[ing] with getting out of the house," her mood was observed to be "[e]uthymic (reasonably positive mood/not depressed, anxious, irritable or euphoric)." Tr. 960, 959, 956-57, 989-90.

Plaintiff contends several mental status examinations documented depressed, anxious, or irritable mood. Dkt. 17 at 4. However, at least half of the examinations documented euthymic mood, and in all examinations the other areas observed were overwhelmingly normal. *See* Tr. 1085-1223. The ALJ reasonably interpreted the overall record as showing only mild symptoms. When the evidence is susceptible to more than one interpretation, the ALJ's rational interpretation must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005). Because the ALJ provided the clear and convincing reason of conservative treatment, he permissibly relied on lack of supporting medical evidence as an additional reason to discount Plaintiff's testimony. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

ORDER AFFIRMING DENIAL OF BENEFITS
- 4

### 3. Activities

Conflict with Plaintiff's activities was not a clear and convincing reason to discount Plaintiff's testimony. The ALJ cited only "riding a motorcycle and planning overseas trips." Tr. 21. Plaintiff reported "looking into" taking a trip, but did not take it. Tr. 1167. "Only if the level of activity were inconsistent with Claimant's claimed limitations would these activities have any bearing on Claimant's credibility." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ failed to explain how either activity was inconsistent with Plaintiff's testimony.

Inclusion of erroneous reasons was harmless, however, because the ALJ provided other clear and convincing reasons. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (inclusion of erroneous reasons to discount claimant's testimony was harmless because "remaining valid reasons supporting the ALJ's determination are not 'relatively minor'"). The Court concludes the ALJ did not err by discounting Plaintiff's testimony.

### B. Medical Opinion

Plaintiff contends the ALJ erred by discounting Ms. Barber's opinion that her "symptoms have worsened from September 2018 to February 2019," because "the ALJ only relied on records predating the amended onset date." Dkt. 17 at 5; Dkt. 19 at 4. However, Ms. Barber did not give her own opinion, but stated that Plaintiff "reported worsening of depressive symptoms" from September 2018 to February 2019. Tr. 1276. Moreover, as discussed above, the ALJ relied on evidence from throughout the relevant

period.  Plaintiff has shown no error.

The Court concludes the ALJ did not err in analyzing Ms. Barber's statements.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 5th day of April, 2021.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge